**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Timothy Carey, | No. CV-11-0685-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan; Thomas C. Horne, | |
| Respondents. | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondent's response (doc. 11), and petitioner's reply (doc. 14). We also have before us the report and recommendation from the United States Magistrate Judge (doc. 15), recommending that we deny the petition, and petitioner's objections (doc. 18).

Petitioner pled guilty to one count of child molestation and two counts of attempted sexual conduct with a minor. He was sentenced to 17 years in prison for the child molestation offense, and two concurrent terms of lifetime probation for the attempted sexual conduct offenses.

Petitioner asserts 6 grounds for habeas relief: (1) he received ineffective assistance of counsel at sentencing; (2) his due process rights were violated because the sentencing court improperly considered as an aggravating factor that the offenses had occurred over an extended period of time; (3) his due process rights were violated because the State asserted

as an improper aggravating factor that petitioner had admitted there were multiple victims; (4) his due process rights were violated by the sentencing court improperly considering any aggravating factors where the State failed to allege aggravating factors prior to petitioner entering into the plea agreement; (5) his due process rights were violated because the sentencing court failed to properly consider mitigation factors; and (6) his due process rights were violated because he was sentenced "pursuant to a special sentencing provision inapplicable to [the attempted sexual conduct] offenses."

The Magistrate Judge determined that petitioner failed to properly exhaust any of these claims, that because state remedies were no longer available, the claims are procedurally defaulted, and that petitioner made no showing of a miscarriage of justice, or cause and actual prejudice to excuse the default. See Schlup v. Delo, 513 U.S. 298, 319, 115 S. Ct. 851, 863 (1995).

The Magistrate Judge first concluded that Ground 1 is procedurally defaulted because petitioner did not raise an issue of ineffective assistance of counsel in his petition for review before the Arizona Court of Appeals. Petitioner concedes that the issue was not presented in his petition for review, but argues that the State nevertheless "understood the claim as an ineffective assistance of counsel claim and addressed it that way in its argument in the state court of appeals." Objections at 2. This is a mischaracterization of the record. Our review of the State's response to the petition for review does not address a claim for ineffective assistance of counsel. See doc. 2-8. Ground 1 is procedurally defaulted.[1]

The Magistrate Judge next concluded that the issues presented in Grounds 2 and 3 were presented as state law claims only, and therefore federal claims were not fairly presented to the state court. Petitioner contends that his mention of the Sixth and Fourteenth Amendments in his petition for review is sufficient to fairly present federal claims. We disagree. "Exhaustion demands more than drive-by citation, detached from any articulation

---

[1] The parties agree that petitioner is unable to return to state court in order to exhaust his claims for relief.

of an underlying federal legal theory." Castillo v. McFadden, 399 F.3d 993, 1003 (9th Cir. 2005). Because petitioner failed to present the claims under federal law claims, Grounds 2 and 3 are procedurally defaulted.

In Ground 4, petitioner argues that the trial court violated his Fourteenth Amendment right to due process by considering aggravating factors despite the State's failure to notify petitioner of its intention to rely on aggravating factors before he entered his guilty plea. Again, petitioner argues that his citation to a United States Supreme Court case is sufficient to fairly present a federal claim. Although petitioner arguably raised this as a federal claim in his petition for post-conviction relief, he did not present it as a federal claim in his petition for review. See doc. 2-7. We agree with the Magistrate Judge that Ground 4 is procedurally defaulted.

Petitioner asserts in Ground 5 that the trial court violated his due process rights when it improperly discounted proffered mitigation evidence. The Magistrate Judge found that petitioner failed to assert this as a federal claim in his petition for post-conviction relief. Again petitioner argues that his claim was fairly presented because the State argued the issue on the basis of federal law. But the State merely quotes petitioner's own broad, conclusory statement that his sentence violates the Sixth, Eighth, and Fourteenth Amendments. There is no discussion whatsoever regarding the constitutionality of the trial court's treatment of mitigation evidence.

Petitioner asserts in Ground 6 that his right to due process was violated when he was sentenced under an inapplicable sentencing provision, A.R.S. § 13-604.01. The Magistrate Judge concluded that because petitioner did not raise this as a federal claim before the Arizona Court of Appeals, the claim is not exhausted. Again, petitioner misconstrues the state court pleadings when he argues that the federal claim was fairly presented. We agree with the Magistrate Judge that Ground 6 is procedurally defaulted.

Finally, petitioner makes no showing to establish either cause or prejudice to excuse the procedural defaults. Therefore, pursuant to Rule 8(b), Rules Governing § 2254 Cases, and after *de novo* review, we accept the recommended decision of the United States

1  Magistrate Judge.  **IT IS ORDERED DENYING AND DISMISSING** with prejudice the
2  petition for writ of habeas corpus (doc. 1).
3       Because the dismissal of the petition is justified by a plain procedural bar and jurists
4  of reason would not find the procedural ruling debatable, **IT IS FURTHER ORDERED**
5  **DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal
6       DATED this 4th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge